# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-0274V
### Filed: January 11, 2017
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
JOHN HARBRUCKER,                      *
                                      *
                 Petitioner,          *
v.                                    *
                                      *      Attorneys' Fees and Costs;
SECRETARY OF HEALTH                   *      Special Processing Unit ("SPU")
AND HUMAN SERVICES,                   *
                                      *
                 Respondent.          *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Isaiah R. Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Sarah C. Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On March 17, 2015, John Harbrucker ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that he suffered neurologic injuries as a result of an influenza ("flu") vaccine he received on November 26, 2012. On October 13, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 49).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 11, 2017, petitioner filed an unopposed motion for attorneys' fees and costs.  (ECF No. 58).[3]  Petitioner requests attorneys' fees and costs in the total amount of $42,000.00.  *Id.* at 1-2.  In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $<u>42,000.00,</u>[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel <u>Isaiah Kalinowski</u>.**[5]

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] The In the motion, petitioner states that respondent has no objection to  the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date.  The motion states that respondent's lack of objection to the amount sought should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation costs.  *Id.* at 2, ¶ 5.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] <u>Petitioner's counsel requests that payment be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, FL 34236.</u>

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.